UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL HINGLE & ASSOCIATES, LLC | CIVIL ACTION |
| VERSUS | NO. 22-2802 |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion for partial summary judgment filed by defendant Westchester Surplus Lines Insurance Company ("Westchester"), seeking dismissal of plaintiff's bad-faith claims.[1] The motion is set for submission on March 7, 2024.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance February 28, 2024. Plaintiff Michael Hingle & Associates, LLC ("Plaintiff"), which is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 29.

[2] R. Docs. 29-13.

[3] This is an insurance coverage dispute arising out of damage that Plaintiff's property in Hammond, Louisiana, allegedly sustained during Hurricane Laura, which made landfall on August 27, 2020. R. Doc. 1 at 1-2. At the time the hurricane made landfall, Plaintiff's property was covered by an insurance policy issued by Westchester. *Id.* Plaintiff filed this suit asserting breach-of-contract and bad-faith claims against Westchester. *Id.* at 1-11. Westchester moves for partial summary judgment on Plaintiff's bad-faith claims, arguing that it timely adjusted Plaintiff's loss and properly denied coverage after both the insurance adjustor and consulting engineer opined that there was no storm-related damage to the property's roof. R. Doc. 29. Westchester contends that Plaintiff has not produced any evidence to sustain its burden of proving that Westchester's denial of the claim was arbitrary and capricious. *Id.* "In order to establish a cause of action for penalties and/or attorney fees and costs under [La. R.S. 22:1892, formerly] La. R.S. 22:658, a claimant must show that (1) an insurer has received satisfactory proof of loss, (2) the insurer failed to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause." *Guillory v. Lee*, 16 So. 3d 1104, 1126 (La. 2009). Similarly, La. R.S. 22:1973 authorizes an award of penalties when an insurer's failure to pay a claim within 60 days after the receipt of a satisfactory proof of loss is "arbitrary, capricious, or without probable cause." La. R.S. 22:1973(B)(5). The prohibited

IT IS ORDERED that Westchester's motion for partial summary judgment (R. Doc. 29) is GRANTED, and Plaintiff's bad-faith claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 29th day of February, 2024.

                        _____
                        BARRY W. ASHE
                        UNITED STATES DISTRICT JUDGE

---

conduct in each statute is virtually identical with the primary difference being a 30- or 60-day period for payment of claims. *Calogero v. Safeway Ins. Co.*, 753 So. 2d 170, 174 (La. 2000). "The phrase 'arbitrary, capricious, or without probable cause' is synonymous with 'vexatious,' and a 'vexatious refusal to pay' means 'unjustified, without reasonable or probable cause or excuse.'" *La. Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1114 (La. 2008) (quoting *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2003)). "[A]n insurer must pay any undisputed amount over which reasonable minds could not differ." *Dupree v. Lafayette Ins. Co.*, 51 So. 3d 673, 698 (La. 2010). "[W]hen there is a 'reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist.'" *La. Bag*, 999 So. 2d at 1114 (quoting *Reed*, 857 So. 2d at 1021); *see also Kodrin v. State Farm Fire & Cas. Co.*, 314 F. App'x 671, 679 (5th Cir. 2009) ("An insurer does not act arbitrarily or capriciously when its refusal to pay a claim is based on a genuine dispute over coverage or the amount of the loss."); *Brown v. State Farm Mut. Auto. Ins. Co.*, 93 So. 3d 697, 702 (La. App. 2012) (affirming summary judgment holding that an insurer did not act in bad faith by refusing to "pay a disputed amount in a claim for which there are substantial, reasonable and legitimate questions as to the extent of the insurer's liability or of the insured's loss"); *Jones v. Gov't Emps. Ins. Co.*, 220 So. 3d 915, 924 (La. App. 2017) (affirming summary judgment holding that insurer did not act arbitrarily and capriciously in delaying payout of disputed claim, and observing: "It is settled law that when an insurer has a reasonable basis for defending a claim and acts in good-faith reliance on that defense, statutory penalties are inappropriate."); *Bell v. Steckler*, 285 So. 3d 561, 571-72 (La. App. 2019) (affirming summary judgment dismissing bad-faith claim against insurer for lack of evidence that the insurer acted vexatiously or that there was no valid dispute as to coverage). Plaintiff bears the burden of showing that an insurer acted in bad faith. *Guillory*, 16 So. 3d at 1126-27. Here, Plaintiff has presented no evidence that Westchester acted in bad faith, and thus, Westchester is entitled to summary judgment dismissing those claims.