UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL HINGLE & ASSOCIATES, LLC | CIVIL ACTION |
| VERSUS | NO. 22-2802 |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY | SECTION M (1) |

**ORDER & REASONS**

Before the Court is a motion for reconsideration filed by plaintiff Michael Hingle & Associates, LLC ("Plaintiff").[1] Defendant Westchester Surplus Lines Insurance Company ("Westchester") responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

**I.    BACKGROUND**

This is an insurance coverage dispute arising out of damage that Plaintiff's property in Hammond, Louisiana, allegedly sustained during Hurricane Laura, which made landfall on August 27, 2020.[3] At the time the hurricane made landfall, Plaintiff's property was covered by an insurance policy issued by Westchester.[4] Plaintiff filed this suit asserting breach-of-contract and bad-faith claims against Westchester.[5] Westchester moved for partial summary judgment on Plaintiff's bad-faith claims, arguing that it timely adjusted Plaintiff's loss and properly denied coverage after both the insurance adjustor and consulting engineer opined that there was no storm-

---

[1] R. Doc. 31.
[2] R. Doc. 32.
[3] R. Doc. 1 at 1-2.
[4] *Id.*
[5] *Id.* at 1-11.

related damage to the property's roof.[6]  Westchester contended that Plaintiff did not produce any evidence to sustain its burden of proving that Westchester's denial of the claim was arbitrary and capricious.[7]  The motion was set for submission on March 7, 2024.[8]  Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance February 28, 2024.  Plaintiff did not file an opposition to the motion.  Consequently, this Court, after also finding that Westchester's motion had merit, granted it as unopposed and dismissed Plaintiff's bad-faith claims.[9]

## II.     PENDING MOTION

Plaintiff seeks reconsideration pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure of this Court's February 29, 2024 Order & Reasons granting Westchester's motion for partial summary judgment and dismissing Plaintiff's bad-faith claims.[10]  Plaintiff argues that its attorney miscalendared the due date for the opposition, thus amounting to excusable neglect, and that reconsideration is warranted because Plaintiff plans to take expert depositions in the coming weeks that will bear on the bad-faith issue.[11]

In opposition, Westchester argues that Plaintiff's motion should be denied because it does not present any evidence to support its request for reconsideration that would have been raised in a timely-filed opposition.[12]  Westchester further contends that Plaintiff has not presented any evidence proving that Westchester's motion for partial summary judgment should be denied, nor

---

[6] R. Doc. 29.
[7] *Id.*
[8] R. Docs. 29-13.
[9] R. Doc. 30.
[10] R. Doc. 31.
[11] R. Doc. 31-21 at 3-4.
[12] R. Doc. 32 at 7.

has Plaintiff filed a proposed opposition to Westchester's motion for partial summary judgment.[13] Moreover, Westchester points out that Plaintiff has not explained what information it intends to garner from the purported expert depositions that would refute Westchester's position concerning Plaintiff's bad-faith claims.[14]

### III. LAW & ANALYSIS

Plaintiff seeks reconsideration of an interlocutory order. Motions for reconsideration of interlocutory orders are governed by Rule 54(b) of the Federal Rules of Civil Procedure.[15] Under that rule, a "court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quotation omitted). Rule 54(b) "'reflect[s] the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015)) (internal quotation marks omitted). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993) (observing that if "the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] ... the cycle of reconsideration would be never-ending"); *Domain Protection, LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("although a district court may revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time") (emphasis,

---

[13] *Id.* at 8.
[14] *Id.*
[15] The rules pursuant to which Plaintiff seeks reconsideration (*i.e.*, Rules 59 and 60) pertain to final judgments.

3

alterations, and quotation omitted); 18B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019) ("A trial court could not operate if it were to yield to every request to reconsider each of the multitude of rulings that may be made between filing and final judgment.").

Plaintiff failed to timely oppose Westchester's motion for partial summary judgment even though it sought dismissal of the bad-faith claims. While the motion was unopposed, the Court took pains to consider the merits of the motion before granting it, as noted in the February 29, 2024 Order & Reasons.[16] Plaintiff has not presented any arguments or evidence in connection with its motion for reconsideration that demonstrates that Westchester's motion for partial summary judgment should be denied. Plaintiff submits no proposed opposition to Westchester's summary-judgment motion, nor does it present such argument in the motion for reconsideration itself. By way of evidence, Plaintiff does no more than mention anticipated expert depositions that it claims will bear on the bad-faith issue without giving the Court any indication of which experts it will depose and what evidence Plaintiff expects to obtain that would refute the summary-judgment evidence submitted by Westchester. Plaintiff's minimal effort is insufficient to satisfy the requirements of Rule 56(d) and thus commensurately insufficient to warrant reconsideration.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's motion for reconsideration (R. Doc. 31) is DENIED.

New Orleans, Louisiana, this 21st day of March, 2023.

                                                       BARRY W. ASHE
                                                      UNITED STATES DISTRICT JUDGE

---

[16] R. Doc. 30.